IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. CARLOS MUHAMMAD,<br>Petitioner,<br><br>v.<br><br>GOV. RENDALL; GOV. CORBITT; MAYOR MICHAEL NUTTER; D.A.R. SETH WILLIAMS; COMMISSIONER CHARLES H. RAMSEY; FREDDIE HARRIS; JOSE AVARADO; JAMES BORDONI; and PENNSYLVANIA, BOARD OF PROBATION AND PAROLE.,<br>Respondents. | CIVIL ACTION<br><br><br><br>NO. 13-6566 |

DuBois, J.                                                                                                    June 25, 2015

## MEMORANDUM

### I.  INTRODUCTION

On June 16, 2015, pro se petitioner Carlos Muhammad filed an Appeal Motion for Recusal By Affidavit ("Appeal Motion for Recusal"), in which he seeks reversal of Magistrate Judge Linda K. Caracappa's May 5, 2015 Order denying his Motion for Recusal by Affidavit, pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  For the reasons that follow, the Court denies pro se petitioner's Appeal Motion for Recusal.

---

[1] On May 22, 2015, Muhammad also filed an appeal of Magistrate Judge Caracappa's May 5, 2015 Order in the U.S. Court of Appeals for the Third Circuit.  By letter dated May 29, 2015, the Third Circuit Clerk advised Muhammad that the appeal would be submitted to a panel for possible dismissal due to a jurisdictional defect.  The Clerk stated, in relevant part, "[a]bsent consent of the parties to proceed before a Magistrate Judge, appeal of an order issued by a Magistrate Judge is to a District Judge. 28 U.S.C. Section 636(b)(1)&(c)(1)."  That appeal remains pending in the Third Circuit.

## II. BACKGROUND

On November 8, 2013, Muhammad filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Section 2254 Petitioner"). By Order dated February 6, 2015, the Court referred the case to Magistrate Judge Linda K. Caracappa for a Report and Recommendation ("R & R"). On April 27, 2015, Muhammad filed a Motion for Recusal By Affidavit, seeking the recusal of Magistrate Judge Caracappa because "she is not an Article III Judge." On May 5, 2015, Magistrate Judge Caracappa denied that Motion. Magistrate Judge Caracappa subsequently issued an R & R, recommending that Muhammad's Section 2254 petition be denied on May 29, 2015.[2]

## III. DISCUSSION

Presently before the Court is <u>pro se</u> petitioner's Appeal Motion for Recusal, in which he seeks reversal of Magistrate Judge Caracappa's May 5, 2015 Order denying his Motion for Recusal By Affidavit. Muhammad reiterates his argument that Magistrate Judge Caracappa does not have authority to adjudicate his claims based on "the fact that she is not an Article III Judge." The Court rejects this argument.

A district court judge will only reverse a magistrate judge's opinion on pretrial matters[3] if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The Court concludes that Magistrate Judge Caracappa's denial of Muhammad's Motion for Recusal By Affidavit was neither "clearly erroneous" nor "contrary to law."

---

[2] The Court notes that a report and recommendation is not a final judgment. See <u>Gass v. Murphy</u>, No. 11-1584, 2013 WL 5488712, at *2 (M.D. Pa. Sept. 30, 2013). By Order dated June 11, 2015, the Court granted petitioner's Response Motion for an Enlargement of Time to File Answer to the Respondent's Petition and extended Muhammad's time for responding to Respondents' Motion to Dismiss, and for filing Objections to the R & R to July 15, 2015.

[3] A United States magistrate judge may hear and determine any non-dispositive pretrial matter pending before the court pursuant to 28 U.S.C. § 636(b)(1)(A).

The Court was authorized to refer the case to Magistrate Judge Caracappa, and Magistrate Judge Caracappa was empowered to issue an R & R in this case. Under Local Rule of Civil Procedure 72.1(I)(b), "[a] magistrate judge may perform any or all of the duties imposed upon a judge by the rules governing proceedings in the United States District Courts under 28 U.S.C. 2254 and 2255 . . . [and] in so doing . . . may issue any preliminary orders and conduct any necessary evidentiary hearing or other appropriate proceeding and shall submit to a judge a report containing proposed findings of fact and recommendation for disposition of the petition by the judge." See Rule 8, Rules Governing Section 2254 Cases ("A judge may . . . refer the [§ 2254] petition to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition.").

The Federal Magistrates Act also authorizes this Court to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of applications for posttrial relief made by individuals convicted of criminal offenses . . . ." 28 U.S.C. § 636(b)(1)(B); See In re U.S. Healthcare, 159 F.3d 142, 145 (3d Cir. 1998) (noting district courts may refer dispositive motions to a magistrate judge for a report and recommendation without a party's consent); McCarthy v. Bronson, 500 U.S. 136, 140 (1991) (statutory authority to refer "applications for posttrial relief made by individuals convicted of criminal offenses" to magistrates was "intended [by Congress] to include . . . applications for habeas corpus relief").

Moreover, the U.S. Court of Appeals for the Third Circuit has held that the "power given to and exercised by the magistrate to make findings and recommendations in connection with a petition for a writ of habeas corpus does not usurp the power of a United States District Court, nor does it constitute an unconstitutional delegation of judicial power to a nonjudicial officer."

3

Frazier v. Owens, 1986 WL 2377, *1 (E.D. Pa. 1986) (citing U.S. ex rel. Henderson v. Brierley, 468 F.2d 1193 (3d Cir. 1972)); see also Mathews v. Weber, 423 U.S. 261, 270 (1976) (stating that Congress addressed the "fear that Congress might improperly delegate to magistrates duties reserved by the Constitution to Article III judges" by restricting, in the Federal Magistrates Act, "the range of matters that may be referred to a magistrate to those where referral is not inconsistent with the Constitution and laws of the United States" and by limiting the role of magistrates in cases referred under § 636(b)). Thus, referral of Muhammad's Section 2254 Petition to Magistrate Judge Caracappa for a R & R is not inconsistent with the Constitution and laws of the United States.

Accordingly, Muhammad's argument that Magistrate Judge Caracappa must recuse herself because she is not an Article III Judge is totally without merit.

## IV. CONCLUSION

For the foregoing reasons, Muhammad's Appeal Motion for Recusal is denied. An appropriate order follows.